Gail C. Lin, Cal St. Bar. No. 212334
RAISNER ROUPINIAN LLP
2945 Townsgate Road, Ste. 200
Westlake Village, CA 91361
(212) 221-1747
Email: gcl@raisnerroupinian.com

René S. Roupinian *(pro hac vice forthcoming)*
Jack A. Raisner *(pro hac vic forthcoming)*
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ANDREA LAMONT, LELA BURNETT and MARY PARKER on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WEDRIVEU, INC., a/k/a DIAMOND TRANSPORTATION SERVICES, INC.,<br><br>Defendant. | CASE NO. |

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.***

Plaintiffs Andrea LaMont, Lela Burnett and Mary Parker ("Plaintiffs") allege on behalf of themselves and a putative class of similarly situated former employees by way of this Class Action Complaint against WeDriveU, Inc., a/k/a Diamond Transportation Services, Inc. (the "Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiffs were terminated along with an estimated 715 other similarly situated employees as part of, or as the foreseeable result of mass layoffs or plant closings ordered by Defendant beginning on or about May 12, 2026 and within 30 days of that date.

2. Defendant failed to give Plaintiffs and those similarly situated employees 60 days' advance notice of their terminations, as required the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

3. Plaintiffs seek to enforce the WARN Act's statutory remedy of 60 days' back pay and benefits for themselves and those similarly situated, pursuant to 29 U.S.C. § 2104, for the Defendant's failure to provide WARN notice prior to their terminations.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2104(a)(5).

5. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES

***Plaintiffs***

6. Plaintiff Andrea LaMont was employed by Defendant as an Assistant Safety and Training Manager from October 2025 until about May 12, 2026.

7. Plaintiff LaMont was hired to work out of Defendant's Facility located at 6851 Industrial Rd, Springfield, Virginia (the "Springfield Facility").

8. Plaintiff LaMont was subsequently assigned to work at Defendant's facility located at 3201 Hubbard Rd, Hyattsville, Maryland (the "Hyattsville Facility") until her termination on or about May 12, 2026.

9. Plaintiff Lela Burnett was employed by Defendant as a driver from July 2024 until about May 12, 2026.

10. Plaintiff Burnett worked out of Defendant's Hyattsville Facility until her termination on or about May 12, 2026.

11. Plaintiff Mary Parker was employed by Defendant as a driver from July 2024 until

about May 12, 2026.

12. Plaintiff Parker worked out of Defendant's Hyattsville facility until her termination on or about May 12, 2026.

13. On or about May 12, 2026, Plaintiff LaMont was informed by Defendant that her job was terminated, effective the next day, at which time she returned to the Hyattsville Facility and returned her equipment.

14. On May 12 at approximately 4 p.m., Plaintiffs Burnett and Parker were at work in the field when the dispatcher told them to return their vehicles to the Hyattsville Facility, where they then were informed they were terminated.

15. At no time prior to May 12, 2026 did Plaintiffs receive written notice that their employment would be terminated.

16. On information and belief, along with Plaintiffs, Defendant terminated approximately 571 employees who worked at, received assignments from, or were based out of the Hyattsville Facility and 144 employees who worked at, received assignments from, or were based out of Springfield Facility (together, the "Facilities") within 30 days of May 12, 2026.

17. On information and belief, none of the other similarly situated former employees received 60 days' advance written notice of their terminations or pay in lieu of notice.

***Defendant***

18. Upon information and belief, at all relevant times, Defendant WeDriveU, Inc., operates a business that provides transportation services throughout the United States under the name "Diamond Transportation Services, Inc."

19. Upon information and belief, Diamond Transportation Services, Inc. was founded in the mid-1980s. In 2016, National Express Transit — a subsidiary of an international transportation conglomerate, Mobico Group, purchased Diamond Transportation Services, Inc., and was rebranded WeDriveU.

20. Upon information and belief and at all relevant times, Defendant WeDriveU is incorporated in California and maintains its headquarters in San Francisco.

21. Upon information and belief, Defendant employed more than 100 full-time employees who worked at, reported to, or received assignments from the Facilities until about May 12, 2026 and within 30 days of that date.

22. Upon information and belief, Defendant paid the Plaintiffs and those similarly situated with checks issued by WeDriveU Inc..

23. Upon information and belief, while they were employed, Plaintiffs and others similarly situated received communications from company managers and executives bearing WeDriveU email addresses.

24. On May 12, 2026, Defendant sent a termination email to Plaintiff LaMont encouraging her to contact Nakeshia.Bowman@wedriveu.com, for information concerning her benefits.

25. Upon information and belief, Defendant's officials used their WeDriveU email addresses to file documents on behalf of Diamond Transportation Services, Inc. with such government entities as the Washington Metropolitan Area Transit Commission (WMATC) and the Virginia Department of Workforce Development and Advancement, and prior to that with nationalexpresstransit.com email addresses.

## **REPRESENTATIVE AND CLASS ALLEGATIONS**

26. Plaintiffs bring this representative action for relief for violation of 29 U.S.C. § 2101 *et seq*., suing for themselves and all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5), who worked at, reported to, or received assignments from the Facilities, who were terminated on or about May 12, 2026 and within 30 days of that date, as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about May 12, 2026, and who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

27. Plaintiffs seek to bring forward these claims utilizing the Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), to seek certification of an opt-out class (the "WARN Class").

28. The persons in the WARN Class identified above ("WARN Class Members") are

so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, it is estimated to be about 815 individuals. On information and belief, the number and identity of the WARN Class Member are within the sole control of Defendant.

29. On information and belief, the rate of pay and benefits that were being paid to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

30. Common questions of law and facts exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of Defendant who worked at, received assignments from, or reported to the Facilities;

(b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause and without 60 days' advance written notice in violation of the WARN Act; and

(c) whether Defendant unlawfully failed to pay the WARN Class members 60 days' wages and benefits as required by the WARN Act.

31. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, who worked at, reported to, or received assignments from the Facilities, and were terminated without cause on or about May 12, 2026 and within 30 days of that date, due to the mass layoffs and/or plant closings ordered by Defendant.

32. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until deciding to order mass layoffs or plant closings of the Facilities.

33. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and other statutory employment claims.

34. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and facts common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. This is

particularly so in the context of WARN Act litigation, where an individual Plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant, and the damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

35. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

36. Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIM FOR RELIEF

### Violation of the WARN Act, 29 U.S.C. § 2101 *et seq*.

37. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

38. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

39. At all relevant times, Defendant was an “employer,” as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until it decided to order mass layoffs or plant closings of the Facilities.

40. At all relevant times, Plaintiffs and the WARN Class Members were “affected employees” of Defendant as that term is defined by 29 U.S.C. § 2101(a)(5).

41. On or about May 12, 2026 and within 30 days of that date, Defendant carried out mass layoffs or plant closings at the Facilities, thereby constituting an "employment loss" requiring WARN notice.

42. The Defendant’s actions resulted in “employment losses,” as that term is defined

by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees who worked at, or who worked remotely and reported to, the Facilities.

43. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

44. Defendant was required by the WARN Act to give Plaintiffs and the Class Members at least 60 days' advance written notice of their terminations.

45. Defendant failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the WARN Act.

46. Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant, as that term is defined in 29 U.S.C. § 2104(a)(7).

47. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued paid time off for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A judgment in favor of Plaintiff and each of the affected employees equal to the sum of: their unpaid wages, salaries, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable

employee benefit plans had that coverage continued for that period all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(A);

E. **Reasonable attorneys' fees and the costs and disbursements that Plaintiff will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. § 2104(a)(6);**

F. Interest as allowed by law on the amounts owed under the preceding paragraphs; and

G. Such other and further relief as this Court may deem just and proper.

Dated: May 18, 2026

Gail C. Lin (SBN 212334)
RAISNER ROUPINIAN LLP
2945 Townsgate Road, Suite 200
Westlake Village, CA 91361
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: gcl@raisnerroupinian.com

Jack A. Raisner (*pro hac vice forthcoming*)
René S. Roupinian (*pro hac vice forthcoming*)
RAISNER ROUPINIAN LLP
270 Madison Avenue, Suite 1801
New York, NY 10016
Telephone: (212) 221-1747
Fax: (212) 221-1747
Email: jar@raisnerroupinian.com
Email: rsr@raisnerroupinian.com

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*